UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

REYNALDO DERIEUX,

                                    Plaintiff,

       -against-

THE CITY OF NEW YORK, DETECTIVE ANDRE
MCNULTY, shield # 5008, UNDERCOVER DETECTIVE
C-0093, DETECTIVE IVAN RODRIGUEZ, shield # 3235,
DETECTIVE BERNARD SOLOMON, shield # 2307,
SERGEANT KEVIN GOGGIN, tax # 900851,

                                   Defendants.

------------------------------------------------------------------------ x

**COMPLAINT**

13 CV 6379 (WHP) (HBP)

<u>Jury Trial Demanded</u>

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against the City of New York and several New York City Police Officers alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him, illegally strip searching him, denying him a fair trial and maliciously prosecuting him. Plaintiff was arrested on December 9, 2011 in Manhattan and acquitted by a jury in Supreme Court, New York County on April 12, 2013. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of malicious prosecution and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in and subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## NOTICE OF CLAIM

5. A notice of claim was duly filed with the City of New York within 90 days of the dismissal of the criminal charges filed against plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

6. The City conducted a 50-h hearing.

7. This action is brought within one year and ninety days of the dismissal of the criminal charges filed against plaintiff.

## PARTIES

8. Plaintiff is a resident of the State of New York.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## **STATEMENT OF FACTS**

11. On December 9, 2011, at approximately 6:00 p.m., the defendants, who are New York City Police Detectives assigned to Narcotics Borough Manhattan North, falsely arrested plaintiff for an alleged sale of a controlled substance.

12. Plaintiff did not sell illegal drugs at any time and, at the time of his arrest, was lawfully reading his emails in a computer store located on Broadway between 162nd and 163rd Streets in Manhattan.

13. Plaintiff was taken to the 33rd Precinct where defendants interrogated him and demanded that he provide them with the names of neighborhood drug dealers.

14. Plaintiff told the defendants that he was not involved with illegal narcotics and therefore did not know the names of any drug dealers.

15. In retaliation for plaintiff's alleged refusal to cooperate, the defendants agreed to illegally strip search plaintiff and misrepresent that they recovered drugs from him during the search.

16. Defendants, acting in concert, illegally strip searched plaintiff and did not recover anything illegal on him.

17. In the 33rd Precinct, defendant McNulty, pursuant to an agreement with the other defendants, falsely charged plaintiff with sale and possession of a controlled substance.

18. Plaintiff was eventually taken to Manhattan Central Booking.

19. While plaintiff was held in Manhattan Central Booking, defendants McNulty, pursuant to an agreement with the other defendants, misrepresented to prosecutors that plaintiff had sold and possessed a controlled substance.

20. Defendants assisted in the creation of a criminal court complaint charging plaintiff with sale and possession of a controlled substance.

21. During plaintiff's arraignment, the presiding judge set bail.

22. Plaintiff posted bail approximately 35 days later.

23. Plaintiff hired a defense attorney at a cost of approximately $7,000.

24. Plaintiff was maliciously prosecuted until he was acquitted by a jury in Supreme Court, New York County on April 12, 2013.

25. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 35 days, paid approximately $7,000 for a defense attorney, and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment and heart problems due to stress.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

26. Plaintiff repeats the foregoing allegations.

27. At all relevant times, plaintiff did not commit a crime or violation.

28. Despite plaintiff's innocence, the defendants arrested plaintiff.

29. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (ILLEGAL STRIP SEARCH)

30 Plaintiff repeats the foregoing allegations.

31. Defendants' strip search of plaintiff was illegal because plaintiff had not committed a crime, there was no reasonable suspicion to believe that plaintiff was hiding illegal

items under his clothes, and plaintiff was not being placed in a general jail population at the time of the search.

32. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

### THIRD CLAIM

### (DENIAL OF A FAIR TRIAL)

33. Plaintiff repeats the foregoing allegations.

34. Defendants maliciously misrepresented to prosecutors that plaintiff had committed various crimes.

35. Defendants' misrepresentations deprived plaintiff of liberty.

36. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

### FOURTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

37. Plaintiff repeats the foregoing allegations.

38. Defendants maliciously misrepresented to prosecutors that plaintiff had committed various crimes and initiated a prosecution against him or played a role in initiating a prosecution against him.

39. Defendants' misrepresentations deprived plaintiff of liberty.

40. The criminal case filed against plaintiff was ultimately dismissed.

41. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

### (FAILURE TO INTERVENE)

42.  Plaintiff repeats the foregoing allegations.

43.  Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

44.  Accordingly, the defendants are liable to plaintiff under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SIXTH CLAIM

### (MALICIOUS PROSECUTION UNDER STATE LAW)

45.  Plaintiff repeats the foregoing allegations.

46.  Defendants maliciously misrepresented to prosecutors that plaintiff had committed various crimes and initiated a prosecution against him or played a role in initiating a prosecution against him.

47.  The criminal case filed against plaintiff was ultimately dismissed.

48.  Accordingly, the defendants are liable to plaintiff under New York state law for malicious prosecution.

## SEVENTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

49.  Plaintiff repeats the foregoing allegations.

50.  Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

51.  Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as the Court may deem just and proper.

DATED:    September 9, 2013

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)